UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JORENDA G. PROCTOR,<br><br>     Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, et al.,<br><br>     Defendants. | CASE NO. C23-1956JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court are (1) *pro se* Plaintiff Jorenda G. Proctor's complaint against Defendants Bank of America and Kevin Smith ("Defendants") (Compl. (Dkt. # 4)); (2) Magistrate Judge Brian A. Tsuchida's order granting Ms. Proctor's application to proceed *in forma pauperis* ("IFP") and recommending that the court review the complaint

//

//

//

ORDER - 1

pursuant to 28 U.S.C. § 1915(e)(2)(B)[1] (IFP Order (Dkt. # 3)); and (3) Ms. Proctor's *ex parte* motion for a temporary restraining order ("TRO") (Mot. (Dkt. # 5)). The court has considered Ms. Proctor's submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DISMISSES Ms. Proctor's complaint without prejudice and DENIES Ms. Proctor's *ex parte* motion for a TRO without prejudice.

## II.   BACKGROUND

Ms. Proctor is a resident of Federal Way, Washington who brings this action following Defendants' foreclosure on her home. (Compl. at 1, 5.)

On December 15, 2023, Ms. Proctor filed a proposed complaint and motion to proceed IFP. (Prop Compl. (Dkt. # 1-1); IFP Mot. (Dkt. # 1).) Magistrate Judge Tsuchida granted Ms. Proctor's motion on December 20, 2023, and recommended that the court review her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (IFP Order.) The handwritten complaint accuses Defendants of "wrongfully foreclosing" on Ms. Proctor's home, which has left her and her family "destitute and homeless." (Compl. at 5.) Ms. Proctor alleges that Defendants "lied" about whether her "property was abandoned." (*Id.*) She seeks damages and her "house back." (*Id.*) The complaint does not identify any basis for subject matter jurisdiction but states that Defendants are residents of Washington and that they owe Ms. Proctor over $75,000. (*Id.* at 2-5.)

---

[1] Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" the court determines that a complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

On December 28, 2023, Ms. Proctor filed an *ex parte* motion for a TRO, seeking an order allowing her to "see the years of damage to [her] property to see what and how much damage has been made and repairs needed to be made." (Mot. at 2.) Ms. Proctor has not yet served her complaint or her motion upon Defendants. (*See generally* Dkt.)

### III.   ANALYSIS

The court first addresses Ms. Proctor's complaint before turning to her *ex parte* motion for a TRO.

**A.   Ms. Proctor's Complaint**

Because Ms. Proctor is a *pro se* plaintiff, the court must construe her pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, for the reasons discussed below, the court dismisses Ms. Proctor's complaint for lack of subject matter jurisdiction and because the complaint fails to state a claim upon which relief can be granted.

   1. <u>Subject Matter Jurisdiction</u>

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."). Because the complaint raises no federal claims, 28 U.S.C. § 1332 provides the only possible basis for subject matter jurisdiction over Ms. Proctor's state law wrongful foreclosure claim. 28 U.S.C. § 1332 confers diversity jurisdiction "over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each

1 defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).  Stated differently, diversity of citizenship (and by extension, subject matter jurisdiction) is lacking if Ms. Proctor shares the same state of citizenship as either one of the Defendants.  Ms. Proctor's complaint alleges that she and Defendants are all residents of Washington.  (Compl. at 1-2.)  Accordingly, the court concludes that subject matter jurisdiction is lacking and therefore DISMISSES Ms. Proctor's complaint.

2. Failure to State a Claim

Even if subject matter jurisdiction were present, the court would still dismiss Ms. Proctor's complaint because it fails to state a claim upon which relief can be granted.  Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" the court determines that a complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).  Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a)(1)-(2) (requiring a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief").

Though somewhat difficult to discern, Ms. Proctor's complaint appears to raise a claim for wrongful foreclosure based on a foreclosure sale that already occurred. (Compl. at 5 (alleging that Ms. Proctor was left "destitute and homeless" following the foreclosure of her home).) "The Washington Deed of Trust Act, RCW 61.24 *et seq.*, governs the foreclosure process" and "prescribes a borrower's remedies before and after foreclosure." *Myers v. Mortg. Elec. Registration Sys., Inc.*, No. C11-5582RBL, 2012 WL 678148, at *2 (W.D. Wash. Feb. 24, 2012). "After foreclosure, a borrower may bring suit only for damages, and may do so only for fraud or misrepresentation, violations of the Washington Consumer Protection Act ['CPA'], or a failure of the trustee to 'materially comply' with the Deed of Trust Act." *Id.* at *3 (citing RCW 61.24.127(1)(a)-(c), (2)(b)).

Ms. Proctor's complaint does not articulate the legal basis for her wrongful foreclosure claim and lacks sufficient factual allegations describing Defendants' allegedly unlawful conduct. For example, Ms. Proctor does not explain whether her claims are rooted in Defendants' alleged fraud or misrepresentation, or whether she alleges Defendants somehow violated the CPA. (*See generally* Compl.) *See Myers*, 2012 WL 678148, at *2-3; RCW 61.24.127(1)(a)-(b). Moreover, Ms. Proctor has provided almost no facts about the circumstances of her foreclosure, except that it caused her to become homeless and that Defendants "lied" about whether her "property was

abandoned." (Compl. at 5.)  Ms. Proctor offers no information about her mortgage, her default, the events preceding the foreclosure sale, the date of the sale, or Defendants' roles in executing the foreclosure sale.  (*See generally* Compl.)  As pleaded, the court cannot discern the factual basis supporting a wrongful foreclosure claim against Defendants and Ms. Proctor's allegations amount to nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Accordingly, the court DISMISSES Ms. Proctor's complaint on the alternative ground that it fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *Balistreri*, 901 F.2d at 699.

       3.  <u>Leave to Amend</u>

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  In light of the Ninth Circuit's liberal policy favoring amendment, the court GRANTS Ms. Proctor leave to file an amended complaint that addresses the deficiencies identified in this order.  Specifically, Ms. Proctor must file an amended complaint that:  (1) meets the requirements for subject matter jurisdiction under either 28 U.S.C. § 1331[2] or 28 U.S.C. § 1332; (2) explains the legal basis (or bases) for her wrongful foreclosure claim, *see*

---

[2] 28 U.S.C. § 1331 confers subject matter jurisdiction to the district court "of all civil actions arising under the Constitution, laws, or treaties of the United States."  Accordingly, Ms. Proctor may overcome dismissal of her amended complaint on the basis of subject matter jurisdiction by adding at least one claim arising under federal law pursuant to 28 U.S.C. § 1331.  Ms. Proctor is advised that any new federal law claims must be supported by sufficient factual allegations to overcome dismissal.  *See Twombly*, 550 U.S. at 555; 28 U.S.C. § 1915(e)(2)(B).

1  *Myers*, 2012 WL 678148, at *3 (explaining that plaintiffs filing suit after a foreclosure sale may only raise claims "for fraud or misrepresentation, violations of the Washington [CPA], or a failure of the trustee to 'materially comply' with the Deed of Trust Act" (citing RCW 61.24.127(1)(a)-(c), (2)(b))); and (3) includes short, plain statements setting forth factual allegations describing Defendants' allegedly unlawful conduct with respect to the foreclosure, *see Iqbal*, 556 U.S. at 678 (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Ms. Proctor shall file her amended complaint, if any, by no later than **January 23, 2024**. If Ms. Proctor fails to timely comply with this order or fails to file an amended complaint that remedies the deficiencies discussed in this order, the court will dismiss this case with prejudice.

**B.  Ms. Proctor's *Ex Parte* Motion for a TRO**

Having dismissed Ms. Proctor's complaint, the court DENIES Ms. Proctor's *ex parte* motion for a TRO due to the absence of an operative complaint. *See, e.g.*, *Varela v. Fyke*, No. SACV 17-1217-PSG (KK), 2017 WL 10796777, at *2 n.1 (C.D. Cal. Oct. 13, 2017) ("[T]he Court lacks authority to extend the TRO absent an operative complaint."); *Carnero v. Elk Grove Fin., LLC*, 2017 WL 1315575, at *1 (N.D. Cal. Apr. 6, 2017) (stating that the court denied the plaintiffs' TRO application after concluding the court lacked subject matter jurisdiction). Even if Ms. Proctor's complaint were not dismissed, however, the court would still deny Ms. Proctor's motion for a TRO due to multiple procedural defects.

//

1   The court may only issue a TRO without notice to the adverse party if "specific

2 facts in an affidavit or verified complaint clearly show that immediate and irreparable

3 injury, loss, or damage will result to the movant before the adverse party can be heard in

4 opposition," and the movant "certifies in writing any efforts made to give notice and the

5 reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B); *see also* Local

6 Rules W.D. Wash. LCR 65(b)(1) ("Motions for [TROs] without notice to and an

7 opportunity to be heard by the adverse party are disfavored and will rarely be granted.").

8 Where the requirements of Federal Rule of Civil Procedure 65(b)(1) are not satisfied,

> the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.

12 Local Rules W.D. Wash. LCR 65(b)(1). In addition, a motion for a TRO "must include a

13 proposed order specifically setting forth the relief requested and describing in reasonable

14 detail the act or acts to be restrained or required." *Id.* LCR 65(b)(4).

15   Ms. Proctor's motion does not meet the requirements of Rule 65(b)(1). (*See*

16 *generally* Compl. (not verified); Dkt. (no affidavit and no written certification of Ms.

17 Proctor's efforts to notify the adverse parties).) Consequently, Ms. Proctor was obligated

18 to serve her motion papers on the opposing party before or contemporaneously with her

19 motion, to include a certificate of service with the motion, and to include contact

20 information for the opposing parties. Local Rules W.D. Wash. LCW 65(b)(1). Ms.

21 Proctor failed to do so. (*See generally* Mot.; Dkt.) Moreover, Ms. Proctor did not file a

22 //

ORDER - 8

proposed order with her motion as required by Local Civil Rule 65(b)(4). (*See generally* Mot.; Dkt.); *see* Local Rules W.D. Wash. LCR 65(b)(4).

*Pro se* litigants must follow the same rules of procedure that govern other litigants. *E.g.*, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The court therefore DENIES Ms. Proctor's *ex parte* motion for a TRO without prejudice on the alternative ground that it does not comply with applicable local and federal rules. If Ms. Proctor timely files an amended complaint that successfully cures the deficiencies identified in this order, Ms. Proctor may renew her motion provided she follows the procedures set forth in Federal Rule of Civil Procedure 65(b) and Local Rules W.D. Wash. LCR 65(b).

## IV. CONCLUSION

In sum, the court orders as follows:

1. Ms. Proctor's complaint (Dkt. # 4) is DISMISSED without prejudice for lack of subject matter jurisdiction and failure to state a claim.

2. The court GRANTS Ms. Proctor leave to file an amended complaint that cures the deficiencies identified in this order with respect to subject matter jurisdiction and the failure to state a claim. Ms. Proctor must file her amended complaint, if any, by no later than **January 23, 2024**. If Ms. Proctor fails to timely comply with this order or fails to file an amended complaint that remedies the deficiencies discussed in this order, the court will dismiss this case with prejudice.

3. Ms. Proctor's *ex parte* motion for a TRO (Dkt. # 5) is DENIED without prejudice. Ms. Proctor may not renew her motion for a TRO absent the court's express

leave. The court will grant Ms. Proctor leave to renew her motion only in the event that she timely and successfully cures her complaint as directed in this order.

4. The Clerk is DIRECTED to mail this order to Ms. Proctor.

Dated this 2nd day of January, 2024.

JAMES L. ROBART
United States District Judge