UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JORENDA G. PROCTOR,<br><br>              Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA, et al.,<br><br>              Defendants. | CASE NO. C23-1956JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Jorenda G. Proctor's amended complaint against Bank of America and Kevin Smith (collectively, "Defendants") concerning Defendants' alleged wrongful foreclosure on Ms. Proctor's home. (Am. Compl. (Dkt. # 8).) On January 2, 2024, the court dismissed Ms. Proctor's original complaint for lack of subject matter jurisdiction and on the alternative ground that Ms. Proctor failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (1/2/24 Order (Dkt. # 6) at 3-6.) In that order, the court concluded that subject matter jurisdiction was lacking because Ms. Proctor raised no federal claims and the parties were not diverse, as they were all

ORDER - 1

1 residents of Washington. (*Id.* at 3-4.)  The court granted Ms. Proctor leave to file an
2 amended complaint that cured the deficiencies identified in its January 3, 2024 order.
3 (*Id.* at 9.)  The court warned Ms. Proctor that if she "fail[ed] to timely comply . . . or
4 fail[ed] to file an amended complaint that remedie[d] the deficiencies discussed in" the
5 court's order, the court would "dismiss this case with prejudice." (*Id.*)  Ms. Proctor was
6 required to file her amended complaint, if any, by no later than January 23, 2024.  (*Id.*)

       Although Ms. Proctor did not file her amended complaint until January 24, 2024, she acknowledges her untimeliness and asks the court to give her "another chance." (Letter (Dkt. # 9) at 2.)  Even if the court were to consider Ms. Proctor's untimely amended complaint, however, the court remains unsatisfied with respect to subject matter jurisdiction.  In her amended complaint, Ms. Proctor still does not raise any federal claims that would confer subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  (*See generally* Am. Compl.)  A single reference to unspecified discrimination is insufficient to raise a discrimination claim under federal law.  (*See id.* at 5 (claiming Ms. Proctor was "discriminated against").)  Nor is there complete diversity of citizenship within the meaning of 28 U.S.C. § 1332, as Ms. Proctor names the same Defendants and again alleges that she and Defendants all reside in Washington.  (*Id.* at 1-2.)  The court therefore lacks subject matter jurisdiction, and this action must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

       When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in

ORDER - 2

the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, Ms. Proctor has already had an opportunity to remedy the deficiencies identified in the court's January 2, 2024 order, but she has failed to do so. Therefore, the court concludes that further amendment would be futile and DISMISSES Ms. Proctor's amended complaint with prejudice and without further leave to amend. Ms. Proctor is advised that this order does not preclude her from pursuing her claims in state court.

Dated this 26th day of January, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 3